UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASHAWN DONTAE MOBLEY,

Petitioner,

v.                                              Case No. 3:24-cv-130-HES-SJH

SECRETARY, DEPARTMENT OF
CORRECTIONS,

Respondent.

_____

## ORDER

### I.    Status

Petitioner Cashawn Dontae Mobley, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. He is proceeding on an Amended Petition. Doc. 3. In the Amended Petition, Petitioner challenges a state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine, possession of cocaine, possession of cannabis, and resisting an officer without violence. Respondent filed a Response with exhibits, arguing that the Amended Petition is untimely. Doc. 7. Petitioner filed a Reply. Doc. 9. This case is ripe

for review.[1]

## II.    Evidentiary Hearing

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

## III.    One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## IV.   <u>Analysis</u>

On April 7, 2016, Petitioner pleaded guilty to sale or delivery of cocaine, possession of cocaine, possession of cannabis, and resisting an officer without

violence. Doc. 7-2; Doc. 7-3. On June 3, 2016, he was sentenced to a total of four years' imprisonment, to run consecutively to a 138-month sentence he had received for unrelated charges of armed robbery. Doc. 7-3. Petitioner did not appeal. Doc. 7-4. Thus, his convictions became final on July 5, 2016—the deadline to file a notice of appeal. See Bailey v. Sec'y, Fla. Dep't of Corr., No. 3:20-cv-1463-TJC-LLL, 2024 WL 964197, at *3 (M.D. Fla. Mar. 6, 2024) ("Because Petitioner did not appeal the [ ] judgment and sentence, his conviction became final when the time to file a direct appeal in the state court expired: thirty days after entry of the judgment. . . .").[2]

The limitation period ran uninterrupted until it expired one year later, on July 6, 2017. Petitioner did not file any tolling motions before that date. Instead, in December 2018, he filed a motion to reduce sentence under Florida Rule of Criminal Procedure 3.800(c). Doc. 7-7. By that time, however, the limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d

---

[2] The thirtieth day after entry of judgment was Sunday, July 3, 2016. The next day was July 4, 2016, a legal holiday. Therefore, Petitioner's deadline to file a notice of appeal was July 5, 2016. See Lumech, Inc. v. Union Venture Trading S.A., 425 So. 3d 1112, 1114 (Fla. 3d DCA 2025) ("[I]f the last day falls on a Saturday, Sunday, or legal holiday, the period ends on the next business day.").

1331, 1333 (11th Cir. 2001). Accordingly, Petitioner's § 2254 Petition—filed on January 23, 2024—is untimely by over six years. Doc. 1 at 4.

Petitioner alleges no facts showing that equitable tolling excuses his late filing. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Likewise, Petitioner does not seek to invoke the actual-innocence exception to AEDPA's limitation period. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Therefore, this action must be dismissed as untimely.

Accordingly, it is

**ORDERED:**

1.    The Amended Petition (Doc. 3) and this case are **DISMISSED with prejudice**.

2.    If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[3]

---

[3] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-

3.    The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this ⟨⟩ day of June, 2026.

_____
HARVEY E. SCHLESINGER
United States District Judge

TpaP-2
c:
Cashawn Dontae Mobley, #154500
Counsel of Record

---

36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.